
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIANJIE ZHANG, | No.   18-73415 |
| Petitioner, | Agency No. A205-175-826 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020[**]
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

Although credibility findings should be made by the trier of fact, some

differences in statements made at different times are too trivial to be considered

legally significant.  *See, e.g.*, *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011).

In spite of that, the record supports the denial of relief on adverse credibility

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

grounds. Zhang's testimony was inconsistent on the date on which his parents paid a fine to effectuate his release, the location of his arrest, and the number of other arrestees present at the time of his arrest. While each of these alone may not have provided sufficient grounds for the BIA to deem him non-credible, together these material inconsistencies relate to the core of his claim for asylum and "deprive [the] claim of the requisite ring of truth." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (quotations and citations omitted) (ellipsis in original).

Having properly found Zhang to be non-credible, the BIA also had substantial evidence to deny Zhang's claim for CAT relief, which was dependent on the same facts. In addition, Zhang did not establish that he personally faced a likelihood of future torture based on the independent documentary evidence alone. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**